ROBERT KENYON, SR., Appellant, v. MAYNARD RYTHER, Respondent.— Plaintiff has appealed from a judgment of the Warren Trial Term of the Supreme Court in favor of defendant, which judgment was entered pursuant to a verdict directed by the court and also from an order denying his motion to set aside the verdict. The action is one for false imprisonment. On May 23, 1948, plaintiff and a man named Burch spent the afternoon fishing in Cook Pond in the town of Thurman. During the day defendant, who was a game warden, and a companion named Bedell, who was also a game warden, approached plaintiff and his companion. Defendant arrested plaintiff without a warrant and charged him with " taking and possessing one black bass from the waters of Cook Pond " which is a misdemeanor. Defendant's answer admitted that fact. The plaintiff was tried on this charge and was acquitted by the jury. Plaintiff testified that he had been guilty of no violation of law whatever and this testimony was undisputed. Burch corroborated plaintiff's testimony. On the trial, defendant testified that he had no personal knowledge that plaintiff caught or possessed a bass. There was no proof whatever to indicate that plaintiff committed any misdemeanor in the presence of defendant. The only proof in the record to indicate that there was any violation of the Conservation Law is that defendant saw Burch " reach down and pick up an object and heave it into the bushes behind him ". Bedell testified that he found a black bass which was alive in the bushes about fifteen feet from the ledge where the plaintiff and his companion were fishing. After the court directed the verdict in favor of defendant, the jury retired apparently to consider the case. Later, at the direction of the court, they returned and stated that they were unable to come to a conclusion. The jury again retired to further consider the case and later the

court directed that the jury return to the courtroom. At that time the jurors stated that they were rendering the verdict directed by the court under protest. In our opinion the court erred in directing a verdict in defendant's favor. There are questions of fact which should be submitted to and determined by a jury. Judgment and order reversed on the law and a new trial ordered, with costs to appellant to abide the event. Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ., concur.